UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-367-01 |
| -vs- | JUDGE DRELL |
| DEMETRI GOLDSMITH (01) | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the court is *pro se* Plaintiff Demetri Goldsmith's ("Goldsmith") motion to dismiss pursuant to Fed.R.Crim.P. 12(b). (Doc. 71). In his motion, Goldsmith argues that the indictment must be dismissed because he was already punished by the Bureau of Prisons ("BOP") for the same conduct, the alleged assault of a corrections officer on April 14, 2019, and because the indictment does not set forth the elements of attempted assault.

Goldsmith asserts that he was sanctioned by the BOP Disciplinary Hearing Officer on August 30, 2019 for violating "Codes 101 (Assaulting with Serious Injury) and 104 (Possessing a Dangerous Weapon), Incident Report Number: 3245287." (Doc. 71, p.3). The sanction imposed was " 82 Days of Good Conduct Time Taken, 1 Year of E-mail Taken, 1 Year of Visit, 1 Year of Commissary and 1 Year of Phone Taken as Well." (Id.). Although Goldsmith does not provide a copy of the Incident Report or anything regarding its disposition, the court considers his statements to be true.

Goldsmith contends that because he was already punished by BOP for this conduct, he may not be punished by this court as it would violate the Double Jeopardy Clause of the Fifth Amendment. Goldsmith is mistaken. While he is correct that the Double Jeopardy Clause protects a defendant from the imposition of multiple criminal punishments for the same offense, see U.S.

v. Hudson, 522 U.S. 93, 99 (1997), disciplinary sanctions imposed by prison authorities for violation of prison regulations do not bar a subsequent criminal prosecution. See United States v. Buck, Fed.Appx. 469, 470 (5th Cir. 2019) (unpublished); United States v. Daniel, No. 06-60822, 2007 WL 837095, at *3 (5th Cir. Mar. 15, 2007) (unpublished) (and all cases cited therein).

Goldsmith further contends that the language set forth in the indictment does not state an offense because it does not set forth the elements of attempted assault for which he was charged by BOP for violating Code 101A. Again, the proceedings Goldsmith references are disciplinary proceedings held by BOP and have no bearing on the charges brought by the U.S. Attorney. Second, Goldsmith is charged with Assault on a Federal Officer pursuant to 18 U.S.C. §111. (Doc. 1). The single count indictment provides:

> On or about April 14, 2019, in the Western District of Louisiana, at the United States Penitentiary in Pollock, Louisiana, the defendant, Demetri Goldsmith, while utilizing a deadly and dangerous weapon, to wit: a knife, did forcibly assault, resist, oppose, impede, intimidate, interfere, and inflict bodily injury upon Cameron Delrie and Luke Tarver, officers of the United States Bureau of Prisons, while those law enforcement officers were engaged in and on account of the performance of their official duties, all in violation of Title 18, United States Code Section 111.

(Id.).

The essential elements that the Government must prove to establish a violation of 18 U.S.C. § 111 are set forth the Fifth Circuit Court of Appeals Pattern Jury Instructions. Those elements are:

> *First*:   That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a federal officer;
>
> *Second*: That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with while engaged in the performance of his official duty or on account of the performance of official duties;
>
> *Third*: That the defendant did such acts intentionally; and

*Fourth*: That in doing such acts, the defendant used a deadly or dangerous weapon or inflicted bodily injury.

Fifth Circuit Pattern Jury Instruction No. 2.07, p. 128 (2019). As the indictment clearly sets forth all essential elements of 18 U.S.C. § 111, there is no reason to dismissed. Accordingly, it is

**ORDERED** that the motion to dismiss (Doc. 71) is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 28th day of September 2023.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT